UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HENRY C. HAYES, III,

                      Plaintiff,

       -against-

JOHN DOE, PUBLIC DEFENDER,

                      Defendant.

24-CV-7601 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Plaintiff, who is currently detained in the Westchester County Jail ("WCJ"), brings this action *pro se*. Plaintiff also requests to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). Plaintiff is barred, however, from filing any new action IFP while he is a prisoner. *See Hayes v. City of New Rochelle*, ECF 1:14-CV-4733, 4 (LAP) (S.D.N.Y. Jan. 9, 2015). That order relied on the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

---

[1] Among the dismissals identified by the court when imposing the bar order are the following three strikes: *Hayes v. City of New Rochelle Police Dep't*, No. 12-3118-cv (2d Cir. Nov. 20, 2013) (appeal filed while Plaintiff was held in WCJ dismissed as frivolous); *Hayes v. City of New Rochelle, NY*, No. 13-CV-1461 (LAP) (S.D.N.Y. Aug. 2, 2013) (action filed while Plaintiff was held in WCJ dismissed for failure to state a claim on which relief may be granted); *Hayes v. Kershaw Cnty. Det. Ctr.*, No. 00-CV-2894 (D.S.C. Sept. 25, 2000) (action filed while Plaintiff was in the Columbia Restitution Center; recommending dismissal because Plaintiff did not state a claim against defendants), *report & recommendation adopted*, (D.S.C. Nov. 7, 2000).

Although Plaintiff has filed this new action seeking IFP status, his complaint does not show that he is in imminent danger of serious physical injury.[1] Instead, Plaintiff brings claims of negligence and legal malpractice against a public defender who represented him in prior criminal proceedings. Plaintiff is therefore barred from filing this action IFP.

**CONCLUSION**

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future action IFP while he is in custody, unless he is under imminent threat of serious physical injury.[3] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] Plaintiff may commence a new action by paying the filing fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   October 31, 2024
        New York, New York

                                                /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                          Chief United States District Judge